IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RANDY RAY WESSON, #48869-177, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. 3:17-CV-0317-B-BK |
| | § | |
| FCI FORT WORTH, et al., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and the August 8, 2017 order, the District Judge re-referred this case to the United States magistrate judge for pretrial management. Doc. 15. Before the Court are Plaintiff's August 7, 2017 *pro se Motion to Set Aside Judgment*, *Motion to Proceed In Forma Pauperis*, and *Motion for U.S. Marshal Services to Assist with Service of Process*. Doc. 12; Doc. 13; Doc. 14. Upon review of the relevant pleadings and law, and for the reasons that follow, it is recommended that the motion to set aside judgment be **GRANTED** and that this case be **TRANSFERRED** to the Fort Worth Division for further proceedings.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

Although an attorney initially filed this prisoner civil rights case and paid the filing fee, Defendants were never served; and on May 30, 2017, the Court dismissed the case without prejudice. Doc. 11. On August 7, 2017, Plaintiff filed the *pro se* motions at issue in this case and counsel thereafter moved to withdraw because she could no longer represent the Plaintiff. Doc. 12; Doc. 13; Doc. 14; Doc. 17. On September 13, 2017, the undersigned granted counsel's motion to withdraw and reinstated Plaintiff's *pro se* motions. Doc. 23.

## II. MOTION TO SET ASIDE JUDGMENT

Because Plaintiff is proceeding without the benefit of counsel, in an abundance of caution, the Court liberally construes the motion as requesting relief from judgment under FED. R. CIV. P. 60(b). A Court "may relieve a party or its legal representative from a final judgment, order, or proceeding" based on certain enumerated grounds, including mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud by an opposing party, void judgment, release and satisfaction, or "any other reason that justifies relief." FED. R. CIV. P. 60(b)(1)-(6).

Plaintiff requests that his case be re-opened. Doc. 12. He states that from May 2 to May, 16, 2017, he was in transit within the Bureau of Prisons, and that on June 6, 2017, he underwent back surgery and was in the hospital for a week. Plaintiff claims that, as a result, his mail was delayed and that he did not receive it until long after May 30, 2017—when this case was dismissed.

The Court notes that while Plaintiff was represented by counsel, counsel was less than diligent in prosecuting this case. The docket reveals that, although the complaint was filed on February 2, 2017, counsel did not request that summons be issued until May 8, 2017, and only after the Court issued an order notifying Plaintiff that the case would be dismissed for failure to effectuate service by May 26, 2017. Doc. 3. While in her motion to withdraw, counsel cited difficulty serving the defendants, she failed to expound on the complications she encountered in attempting to do so and offered no explanation for the delay in first seeking issuance of summons. Doc. 17 at 2-3.

In light of counsel's dilatory representation, coupled with the fact that counsel has since withdrawn from the case and Plaintiff, an inmate, is now *pro se*, the Court finds that

"extraordinary circumstances" justify relief under Rule 60(b)(6). *See Gov't Financial Services One Ltd. Partnership v. Peyton Place, Inc.*, 62 F.3d 767, 774 (5th Cir. 1995) (relief under FED. R. CIV. P. 60(b)(6) is available "'only if extraordinary circumstances are present'"). The Court further notes that most of the events underlying the claims in this case allegedly occurred in early 2015 and may be time barred if Plaintiff's case is not re-instated and Plaintiff attempts to re-file his suit. Accordingly, Plaintiff's *pro se* motion to set aside judgment should be granted.

### III. VENUE AND 28 U.S.C. § 1404 TRANSFER

In anticipation of the foregoing recommendation being accepted, the Court next considers whether the Dallas Division is the proper venue. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Under section 1404, a court may transfer a case upon a motion or *sua sponte*. *Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 761 (5th Cir. 1989). "Decisions to effect [section] 1404 transfers are committed to the sound discretion of the transferring judge." *Id.*

Most events underlying Plaintiff's claims, including the alleged sexual assault, occurred during Plaintiff's pretrial confinement at FCI Fort Worth – on or about November 21, 2014, through September 2015. Doc. 1 at 8-17. Following his conviction in *United States v. Wesson*, No. 4:14-CR-245-Y (N.D. Tex., Fort Worth Div., Jun. 15, 2016), Plaintiff was transferred to FCI Beaumont, where he purportedly was physically assaulted again. Doc. 1 at 5. Plaintiff is presently confined at FCI Petersburg in Virginia. Plaintiff alleges venue in this district is appropriate because "a substantial part of the events or omissions giving rise to these claims occurred in the Northern District of Texas in the Fort Worth Division." Doc. 1 at 8.

As relevant here, under 28 U.S.C. § 1391(b), "[a] civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Thus, based on the allegations in the Complaint, venue is appropriate in any division in the Northern District of Texas. *See* 28 U.S.C. § 124(a) (1)-(7) (the Northern District of Texas encompasses seven divisions, including the Fort Worth and Dallas Divisions). That notwithstanding, the Court concludes that, based on the allegations in the Complaint, the Fort Worth Division is the more convenient forum. *See Calloway v. Triad Fin. Corp.*, 3:07-CV-1292-B, 2007 WL 4548085, at *1-2 (N.D. Tex. Dec. 27, 2007) (Boyle, J.) (considering the factors outlined in *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) in granting an intradistrict transfer from the Dallas Division to the Fort Worth Division upon finding that the latter was the more convenient forum).

Because most of the events at issue occurred within the Fort Worth Division, it is reasonable to conclude that it is the situs of any documentary and physical evidence. It also is likely that most of the witnesses are located there; and the Complaint indicates that most Defendants are FCI Fort Worth employees. Thus, the Court concludes the transfer of this case to the Fort Worth Division of the Northern District of Texas, upon its reinstatement, is in the interest of justice.

## IV.   RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's motion to set aside judgment be **GRANTED** and this civil action be reinstated. It is further recommended that the case be

**TRANSFERRED** to the Fort Worth Division of the Northern District of Texas for further proceedings.[1]  *See* 28 U.S.C. § 1404(a).

**SIGNED** September 15, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's motions to proceed *in forma pauperis* and for assistance of the United States Marshal Service to effect service, Doc. 13; Doc. 14, will be pending upon reinstatement of the case.